<u>**NOT FOR PUBLICATION**</u>

**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY**

|  |  |
|---|---|
| ANDREA FLORENTINO,<br><br>Plaintiff,<br><br>v.<br><br>CITY OF NEWARK, *et al.*,<br><br>Defendants | Case No. 2:19-cv-21055 (BRM) (ESK)<br><br>**OPINION** |

**MARTINOTTI, DISTRICT JUDGE**

Before the Court is Plaintiff Andrea Florentino's ("Plaintiff") appeal (ECF No. 99) of two orders entered by the Honorable Edward S. Kiel, U.S.M.J.'s ("Judge Kiel"): (1) a July 7, 2022 discovery order declining to extend a discovery deadline (ECF No. 77); and (2) a September 26, 2022 order denying Plaintiff's motion for reconsideration of the July 7, 2022 order (ECF No. 96 (denying ECF No. 81)). Defendants Bluline Security Consulting, LLC, and Dominic Saldida (collectively, "Defendants") oppose the appeal.[1] (ECF No. 103.) Plaintiff filed a reply. (ECF No. 104.) Having reviewed the parties' submissions filed in connection with the appeal and having declined to hold oral argument pursuant to Federal Rule of Civil Procedure 78(b), for the reasons set forth below and for good cause having been shown, Plaintiff's appeal is **DENIED**, and Judge Kiel's orders are **AFFIRMED**.

---

[1] Defendant Anthony H. Guerino has a motion to dismiss pending before the Court (ECF No. 88) but did not file an opposition to the appeal.

I.     BACKGROUND

The extensive factual and procedural background of this matter is well known to the parties. Therefore, the Court includes only the facts and procedural background relevant to this appeal.

On April 26, 2022, following several extensions of the discovery end date (*see, e.g.*, ECF Nos. 54, 58), Judge Kiel entered an order ("April 26, 2022 Order") requiring the plaintiff to "produce all documents responsive to defendants' notice to produce by May 13, 2022" and extending the deadline for completion of discovery "for *a final time* through June 30, 2022." (ECF No. 65 ¶¶ 2, 3.) Judge Kiel further advised that "[n]o further discovery shall be issued or engaged in beyond that date, except for *exceptional circumstances* shown." (ECF No. 65 ¶ 3.)

In May 2022, the parties engaged in a letter writing campaign regarding Plaintiff's continued failure to produce the requested discovery. (*See* ECF No. 68, 70, 71.) Specifically, Defendants argued that despite their best efforts, Plaintiff would not produce documents and information in compliance with the April 26, 2022 Order. (ECF No. 70.) Plaintiff replied, explaining why she was unable to produce the documents and information to date, and again requested an extension of discovery to submit a report of a recent medical examination. (ECF No. 71.) Notably, Plaintiff's letter also stated, "If the Court is not inclined to extend discovery, Plaintiff is prepared to move forward to meet the deadline." (*Id.*)

On June 1, 2022, Judge Kiel entered an order ("June 1, 2022 Order") directing the parties to complete discovery by June 30, 2022, and explaining that the possibility of a short extension of discovery would be discussed at a July 7, 2022 status conference ("July 7, 2022 Conference"). (ECF No. 72.) By the June 30, 2022 deadline, Plaintiff had failed to submit the medical examination report. (ECF No. 81.) At the July 7, 2022 Conference, Judge Kiel declined to further

extend discovery. (ECF No. 77.) Judge Kiel entered a corresponding order the same day ("July 7, 2022 Order"). (*Id.*)

In response, Plaintiff filed a Motion for Reconsideration. (ECF No. 81.) On September 26, 2022, Judge Kiel entered an order ("September 26, 2022 Order") denying Plaintiff's Motion for Reconsideration, explaining Plaintiff failed to complete discovery despite many warnings, and that Plaintiff failed to meet the applicable legal burden. (ECF No. 96.)

Plaintiff appeals Judge Kiel's July 7, 2022 Order refusing to extend discovery beyond June 30, 2022, and the September 26, 2022 Order denying her Motion for Reconsideration. (ECF Nos. 77, 81, 99.) On October 24, 2022, Defendants filed a brief in opposition (ECF No. 103.) On October 31, 2022, Plaintiff filed a reply (ECF No. 104.)

## II.   STANDARD OF REVIEW

With respect to a district judge's review of a magistrate judge's decision, Federal Rule of Civil Procedure 72(a) states: "The district judge . . . must consider timely objections and modify or set aside any part of the order that is clearly erroneous or is contrary to law." *Id.* Similarly, this Court's Local Rules provide that "[a] District Judge shall consider the appeal and/or cross-appeal and set aside any portion of the Magistrate Judge's order found to be clearly erroneous or contrary to law." L.Civ.R. 72.1(c)(1)(A).

A district judge may reverse a magistrate judge's discovery order if the order is shown to be "clearly erroneous or contrary to law" on the record before the magistrate judge. 28 U.S.C. 636(b)(1)(A) ("A judge of the court may reconsider any pretrial matter [properly referred to the magistrate judge] where it has been shown that the magistrate judge's order is clearly erroneous or contrary to law."); Fed. R. Civ. P. 72(a); L.Civ.R. 72.1(c)(1)(A); *Haines v. Liggett Grp., Inc.*, 975 F.2d 81, 93 (3d Cir. 1992) (describing the district court as having a "clearly erroneous review

function," permitted only to review the record that was before the magistrate judge). The burden of showing that a ruling is clearly erroneous or contrary to law rests with the party filing the appeal. *Marks v. Struble*, 347 F. Supp. 2d 136, 149 (D.N.J. 2004). A district judge may find a magistrate judge's decision "clearly erroneous" when it is "left with the definite and firm conviction that a mistake has been committed." *Dome Petroleum Ltd. v. Employers Mut. Liab. Ins. Co.*, 131 F.R.D. 63, 65 (D.N.J. 1990) (quoting *United States v. U.S. Gypsum Co.*, 333 U.S. 364, 395 (1948)); *accord Kounelis v. Sherrer*, 529 F. Supp. 2d 503, 518 (D.N.J. 2008). However, "[w]here there are two permissible views of the evidence, the factfinder's choice between them cannot be clearly erroneous." *United States v. Waterman*, 755 F.3d 171, 174 (3d Cir. 2014) (quoting *Anderson v. Bessemer City*, 470 U.S. 564, 574 (1985)). The magistrate judge's ruling is "contrary to law" if it misinterpreted or misapplied applicable law. *Kounelis*, 529 F. Supp. 2d at 518; *Gunter v. Ridgewood Energy Corp.*, 32 F. Supp. 2d 162, 164. "Where the appeal seeks review of a matter within the exclusive authority of the Magistrate Judge, such as a discovery dispute, an even more deferential standard, the abuse of discretion standard, may be applied." *Miller v. P.G. Lewis & Assocs., Inc.*, Civ. A. No. 05-5641, 2006 WL 2770980, at *1 (D.N.J. Sept. 22, 2006); *Callas v. Callas*, Civ. A. No. 147486, 2019 WL 449196, at *3 (D.N.J. Feb. 4, 2019) (reviewing and affirming magistrate judge's order on discovery dispute under the abuse of discretion standard); *Experian Info. Sols., Inc. v. List Servs. Direct, Inc.*, Civ. A. No. 15-3271, 2018 WL 3993449, at *4 (D.N.J. Aug. 21, 2018) (same). "An abuse of discretion occurs 'when the judicial action is arbitrary, fanciful or unreasonable, which is another way of saying that discretion is abused only where no reasonable man would take the view adopted by the trial court.'" *Ebert v. Twp. of Hamilton*, Civ. A. No. 15-7331, 2016 WL 6778217, at *2 (D.N.J. Nov. 15, 2016) (quoting *Lindy*

*Bros. Builders v. American Radiator & Standard Sanitary Corp.*, 540 F.2d 102, 115 (3d Cir. 1976)).

## III.   DECISION

Plaintiff argues Judge Kiel's refusal to extend discovery at the July 7, 2022 conference was clearly erroneous and should be reversed because:

> (1) the court applied the incorrect standard on the plaintiff's request; (2) good cause existed to modify the court's order; (3) the orders contradicted an earlier text order which strongly implied that the request would be granted; and (4) the court's rulings must be overturned as it resulted in the exclusion of critical evidence.

(ECF No. 104 at 1.) Plaintiff contends Federal Rule of Civil Procedure 16(b)(4) requires Judge Kiel to apply a "good cause" standard when deciding whether to extend the discovery schedule. (ECF No. 99.) Plaintiff asserts Judge Kiel's use of an "extraordinary circumstances" standard conflicts with the "good cause" standard, and renders any discovery orders using the former clearly erroneous or contrary to law. (*Id.*) Defendants respond Plaintiff failed to demonstrate good cause to modify discovery because Plaintiff "has not pursued her claims . . . in any manner that could be considered diligent."[2] (ECF No. 103.)

Rule 16(b)(4) sets forth a two-prong requirement to modify scheduling. It states: "A schedule may be modified only for good cause and with the judge's consent." Fed. R. Civ. P. 16(b)(4). In other words, a district court may modify the discovery schedule, at its discretion, upon a showing of good cause by either party. *Porcaro v. Nexel Indus., Inc.*, Civ. A. No. 17-2887, 2022 WL 4233836, at \*4 (D.N.J. Sept. 14, 2022). However, "[d]iscovery must have an end point, and

---

[2] Defendants' opposition does not address Plaintiff's claims that: (1) Judge Kiel applied an incorrect standard; (2) Judge Kiel's refusal to grant an extension at the July 7, 2022 Conference contradicts the June Order which strongly implied an extension would be granted; and (3) failing to reverse Judge Kiel's decision would result in manifest injustice because evidence critical to Plaintiff's case would be excluded. *See generally* (ECF No. 103.)

the decision to cut off discovery is committed to the management skills of the district court." *J.G. v. C.M.*, Civ. A. No. 11-2887, 2014 WL 1652793 at *2 (D.N.J. Apr. 23, 2014) (quoting *Stevo v. Frasor*, 662 F.3d 880, 886 (7th Cir. 2011)). The district court has broad discretion to manage discovery, and a district court judge may designate "a magistrate judge to hear and determine any pretrial matter pending before the court except [pretrial matters not relevant here]." 28 U.S.C. § 636(b)(1)(A); *Sempier v. Johnson & Higgins*, 45 F.3d 724, 734 (3d Cir. 5). Accordingly, a magistrate judge acts with the authority of the district court when carrying out the duties assigned by the district court, including those related to discovery and scheduling. *Peretz v. U.S.*, 501 U.S. 923 (1991); 28 U.S.C. § 636(a); L.Civ.R. 72.1(a)(3).

Plaintiff is operating under the assumption that she was entitled to a further discovery extension. (*See* ECF No. 99 at 10.) However, extensions need not be granted unless the judge consents. *Porcaro*, 2022 WL 4233836 at *1. Here, Judge Kiel was not required to extend discovery, but instead, was entitled to use his discretion. *Id.* Plaintiff has failed to show he abused that discretion. *See Miller*, 2006 WL 2770980, at *1 ("Where the appeal seeks review of a matter within the exclusive authority of the Magistrate Judge, such as a discovery dispute, an even more deferential standard, the abuse of discretion standard, may be applied."); *Callas*, 2019 WL 449196, at *3 (reviewing and affirming magistrate judge's order on discovery dispute under the abuse of discretion standard). Further, Judge Kiel's use of "extraordinary circumstances" in his discovery orders was appropriate. Rather than conflicting with the "good cause" standard of Rule 16(b)(4), Judge Kiel's use of "extraordinary circumstances" described what the parties needed to demonstrate to garner his consent.

The question of whether Plaintiff has shown good cause is immaterial. Even if this Court were to find Plaintiff has shown good cause, she is not automatically entitled to an extension of

discovery. Magistrate judges are authorized to "[e]xercis[e] general supervision of the civil calendars . . . , conduct[] calendar and status calls," "[c]onduct[] pretrial conferences as set forth in Fed. R. Civ. P. 16 and 26(f), which include but are not limited to scheduling, settlement, discovery, preliminary and final pretrial conferences, and entry of appropriate orders, including scheduling orders in accordance with L.Civ.R. 16.1 and Fed. R. Civ. P. 16," and "conduct scheduling conferences and enter scheduling orders in accordance with Fed. R. Civ. P. 16." L.Civ.R. 72.1(a)(3)(A)-(C). Plaintiff's mere disagreement with Judge Kiel's orders are not grounds for setting them aside. *Simmons v. Gilmore,* Civ. A. No. 17-cv-996, 2019 WL 2743954 at *2.

Plaintiff further contends that the June 1, 2022 Order contained strong implications that an extension would be granted at the July Conference. (ECF No. 99.) The June 1, 2022 Order reads, in pertinent part, "The Court will address at the telephone status conference scheduled for July 7, 2022 whether a short extension of expert discovery will be necessary because of the scheduling of an independent medical examination of plaintiff." (ECF No. 72.) It is clear by the plain text of the order that Judge Kiel intended only to address the question of an extension at the July Conference, not necessarily to grant it. Plaintiff's misinterpretation of this order cannot be used as support for reversal of Judge Kiel's decision.

Plaintiff further asserts that exclusion of critical evidence is an extreme sanction. (ECF No. 99.) However, Judge Kiel's termination of discovery after Plaintiff's failure to comply with multiple discovery orders is not an abuse of discretion. *See N'Jie v. Mei Chung*, 504 F. App'x 108 (3d Cir. 2012) (holding that a district court's decision not to reopen discovery did not constitute an abuse of discretion when Plaintiff failed to meet several discovery deadlines). Judge Kiel, applying the good cause standard, extended discovery numerous times and warned the parties that the extension of discovery to June 30, 2022 would be the final extension. (ECF No. 65.) Indeed,

on May 26, 2022, Plaintiff reassured the Court that "[i]f the Court is not inclined to extend discovery, Plaintiff is prepared to move forward to meet the deadline." (ECF No. 71.) In response, Judge Kiel instructed the parties, once again, to comply with the April Order and complete discovery before June 30, 2022. (ECF No. 72.) Plaintiff failed to do so. (ECF No. 81.)

Plaintiff fails to the show the Judge Kiel's decisions were clearly erroneous, contrary to law, or demonstrated an abuse of discretion. Accordingly, Plaintiff's appeal is **DENIED**, and Judge Kiel's Orders are **AFFIRMED**[3].

## IV.   CONCLUSION

For the reasons set forth above, Plaintiff's appeal (ECF No. 99) is **DENIED**, and Judge Kiel's orders dated July 7, 2022 (ECF No. 77) and September 26, 2022 (ECF No. 96) are **AFFIRMED**. An appropriate order follows.

/s/ Brian R. Martinotti
**HON. BRIAN R. MARTINOTTI**
**UNITED STATES DISTRICT JUDGE**

Dated: December 20, 2022

---

[3] The Court need not address Plaintiff's appeal of Judge Kiel's order denying reconsideration. (ECF No. 81.) The Court's finding that the underlying order (ECF No. 77) to that appeal was not clearly erroneous, contrary to law, nor demonstrated an abuse of discretion renders that appeal moot.